

21st Floor
1251 Avenue of the Americas
New York, NY 10020-1104

**Jeremy Chase**
(212) 489-8230 tel
(212) 489-8340 fax

jeremychase@dwt.com

June 17, 2022

**VIA ECF**

Honorable Lorna G. Schofield
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

*Plaintiff shall file a response to this letter by June 24, 2022.  So Ordered.*

*Dated: June 21, 2022*
*New York, New York*

*LORNA G. SCHOFIELD*
*UNITED STATES DISTRICT JUDGE*

Re:   *Bruce Hay v. The Gernert Company, Inc., et al.*, No. 1:22-cv-00698-LGS

Dear Judge Schofield:

Pursuant to Local Rule 37.2 and Rule III.C.3 of the Court's Individual Rules and Procedures for Civil Cases, defendants The Gernert Company ("TGC") and Sarah Burnes ("Burnes," and with TGC, "Defendants") write to request an informal conference to renew their request that the Court grant a stay of discovery in this matter until a decision is issued on Defendants' Motion to Dismiss the Amended Complaint (the "Motion").[1]  Per Rule III.C.3 of the Court's Individual Rules and Procedures for Civil Cases, counsel for Defendants reached out to counsel for Plaintiff in an attempt to resolve this issue, but did not receive a response.

Pursuant to Federal Rule of Civil Procedure 26(c)(1), a district court has broad discretion to stay discovery "for good cause."  *See Integrated Sys. & Power, Inc. v. Honeywell Intern., Inc.*, No. 09cv5874, 2009 WL 2777076, at *1 (S.D.N.Y. Sept. 1, 2009).  "In considering a motion for a stay of discovery pending a dispositive motion, a court should consider the breadth of discovery sought and the burden of responding to it, as well as the strength of the underlying motion," and any prejudice that would result from the stay.  *Id.*; *see also O'Sullivan v. Deutsche Bank AG*, No. 17cv8709, 2018 WL 1989585, at *4 (S.D.N.Y. Apr. 26, 2018) ("[A] court determining whether to grant a stay of discovery pending a motion must look to the particular circumstances and posture of each case.") (internal quotes omitted); *Spencer Trask Software & Info. Servs., LLC v. RPost Int'l Ltd.*, 206 F.R.D. 367, 368 (S.D.N.Y. 2002) ("Good cause may be shown where a party has filed a dispositive motion, the stay is for a short period of time, and the opposing party will not be prejudiced by the stay.").

Here, each of these factors strongly supports granting Defendants' motion to stay discovery.

---

[1] Defendants previously requested a stay of discovery in their premotion letter to the Court.  *See* Doc. No. 23.  While the Court denied that request (Doc. No. 28), Defendants renew their request here in light of 1) Plaintiff's failure in his Amended Complaint to cure the fatal defects in his claims, and 2) the extraordinary breadth of the discovery Plaintiff seeks.

*First,* a stay of discovery is appropriate where, as here, a motion has "substantial grounds," and "do[es] not appear to be without foundation in law." *Johnson v. N.Y. Univ. School of Educ.,* 205 F.R.D. 433, 434 (S.D.N.Y. 2002) (internal quotes omitted). A stay is especially prudent where a motion puts forth "multiple, independent arguments for dismissal." *Integrated Sys. & Power*, 2009 WL 2777076, at *1; *Rivera v. Heyman*, No. 96cv4489, 1997 WL 86394, at *1 (S.D.N.Y. Feb. 27, 1997) (granting stay where motion to dismiss was not "merely a delay tactic" and had more than a "minimal probability of success"). Defendants' Motion is strong. It offers numerous grounds for why Plaintiff's Amended Complaint fails to state a claim, including that Plaintiff has not pled the existence of enforceable contracts giving rise to fiduciary duties owed by Defendants to Plaintiff, has not pled any acts of Defendants' breaching their alleged fiduciary duties, and has not pled that Defendants' alleged breaches caused the injuries for which he seeks to recover. Indeed, at the May 18, 2022 premotion conference, this Court ordered that Plaintiff file an amended complaint in order to cure a glaring flaw in his claim – namely, that the writings Plaintiff alleges as evidence of his agreement with Defendants consist of emails that were not even sent by Defendants. The Amended Complaint has not cured this defect and for this reason, among others, the Motion is likely to be successful, disposing of the entire action and rendering any discovery moot.

*Second*, the breadth of the discovery Plaintiff seeks is astounding. As Plaintiff's initial discovery requests (attached hereto as Exhibits 1 and 2) make clear, he does not intend to seek only documents and information relevant to the single cause of action at issue here for breach of fiduciary duty. Rather, he plainly seeks to use this case as a vehicle to continue litigating his claims against Bolonik and New York Magazine (respectively, the author and publisher of the Articles)[2] long after the dismissal of his lawsuit against them by both the S.D.N.Y. and the Second Circuit. To that end, many of his requests are blatantly aimed at fishing for information regarding the accuracy of the Articles and/or Bolonik's research and writing process. For example:
- Interrogatory No. 5 seeks information regarding Defendants' awareness of alleged concerns regarding the veracity of the Articles.
- Request for Production No. 2 seeks manuscripts submitted by Bolonik to TGC.
- Request for Production No. 3 seeks communications between counsel for Defendants and counsel for Harper Collins, counsel for New York Media, and counsel for Bolonik.
- Request for Production No. 7 seeks documents relating to the expected publication and/or release date of any media related to the Articles.
- Requests for Production No. 8 and 9 seek communications with two editors at HarperCollins – neither of whom is even mentioned in the Amended Complaint – regarding the Articles or Bolonik's related projects.
- Request for Production No. 10 seeks all documents or recordings sent to or received by the Shumans (along with Plaintiff, the subjects of the Articles) or their counsel.

These requests are irrelevant to the questions at issue in this action, namely the existence of agreements between Plaintiff and Defendants, Defendants' alleged breach of their fiduciary duties under those agreements, and Plaintiff's alleged damages resulting from those breaches. Instead, they demonstrate that Plaintiff plans to leverage the discovery process to vindicate his grievances

---

[2] Capitalized terms not defined herein have the same definitions as in Defendants' Memorandum of Law in support of their Motion.

against non-parties to this litigation.  Defendants' response will result in significant expense absent a stay of discovery – expense that would be entirely averted if the Motion were granted.

***Third,*** Plaintiff would suffer no prejudice as a result of a stay.  Indeed, in response to Defendants' initial request for a stay, the only prejudice Plaintiff identified was that "every day brings closer the day on which the Defendants will come out with their book and TV/film deals, which they are currently pursuing, and which will likely portray Plaintiff in a negative light to the detriment of his reputation."  ECF No. 25.  But a denial of Defendants' request to stay discovery would do nothing to mitigate this alleged prejudice, because the alleged harm does not derive from his inability to obtain the information he needs to pursue his claim in this action.  Instead, Plaintiff's assertion merely confirms what his discovery requests make clear: that he intends to expand the scope of discovery in this litigation as a means of collaterally attacking expressive works he does not like.

In reality, Plaintiff will suffer no prejudice from a stay of discovery.  The requested stay is only for a "short period of time" since Defendants' Motion will be fully briefed and ready for a decision by July 15, 2022.  *See Rivera*, 1997 WL 86394, at *1 ("A stay pending determination of a dispositive motion that potentially eliminates the entire action will neither substantially nor unduly delay the action, should it continue.").  To the extent Plaintiff believes immediate discovery is necessary because witnesses' memories may fade with the passage of time, courts have held that "any marginal impact on the evidence and/or memories of witnesses does not outweigh the substantial burden and expense of conducting time-consuming fact and expert discovery on all issues in [a] case pending a decision on a potentially dispositive motion." *Bethpage Water Dist. v. Northrop Grumman Corp.*, No. 13CV6362, 2014 WL 6883529, at *3 (E.D.N.Y. Dec. 3, 2014).

In sum, because Plaintiff seeks to expand discovery to encompass a multitude of issues unrelated to this action, at extraordinary cost to Defendants, Defendants respectfully renew their request that the Court hold an informal conference and issue an order staying all discovery in this action until the resolution of Defendants' Motion. We thank you for your consideration of this matter.

DATED: June 17, 2022

                                                 Respectfully submitted,

                                                 DAVIS WRIGHT TREMAINE LLP

                                                 By: */s/ Jeremy A. Chase*
                                                     Katherine M. Bolger
                                                     Jeremy A. Chase
                                                     Carl Mazurek
                                                     1251 Avenue of the Americas, 21st Floor
                                                     New York, NY  10020-1104
                                                     (212) 489-8230 Phone
                                                     (212) 489-8340 Fax

katebolger@dwt.com
jeremychase@dwt.com
carlmazurek@dwt.com

*Attorneys for Defendants The Gernert Company, Inc. and Sarah Burnes*

4