UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT NEW YORK

------------------------------------------------------------------x

BRUCE HAY,

               Plaintiff,

         - against -

THE GERNERT COMPANY, INC. and SARAH BURNES,

               Defendants.

------------------------------------------------------------------x

Case No. 1:22-cv-00698-LGS

**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR RECONSIDERATION BY DEFENDANTS THE GERNERT COMPANY, INC. AND SARAH BURNES**

Katherine M. Bolger
Jeremy A. Chase
Carl Mazurek
DAVIS WRIGHT TREMAINE LLP
1251 Avenue of the Americas, 21st Floor
New York, NY 10020-1104
Phone: (212) 489-8230
Fax:    (212) 489-8340
katebolger@dwt.com
jeremychase@dwt.com
carlmazurek@dwt.com

*Attorneys for Defendants*

## TABLE OF CONTENTS

                                                        **Page**

PRELIMINARY STATEMENT .................................................................................................. 1

ARGUMENT ................................................................................................................................. 2

I.     Plaintiff's Request to Amend Did Not Address the Specific Pleading Deficiencies Identified in the Court's Dismissal Order .......................................................................... 3

II.    Only a Pleading Can Cure the Defects of the First Amended Complaint .......................... 5

CONCLUSION .............................................................................................................................. 6

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Cornell v. Assicurazioni Generali, S.p.A.*,
  No. 97cv2262. 2000 WL 1191124 (S.D.N.Y. Aug. 22, 2000) ...................................................6

*Grosso v. Queens College*,
  No. 03cv2619, 2004 WL 583767 (S.D.N.Y. Mar. 23, 2004) ....................................................6

*Hayden v. County of Nassau*,
  180 F.3d 42 (2d Cir. 1999), *overruled on other grounds by Gonzaga v. Doe*, 536 U.S. 273
  (2002) ..............................................................................................................................................3

*In re BDC 56 LLC*,
  330 F.3d 111 (2d Cir. 2003), *abrogated on other grounds by In re Zarnel*, 619 F.3d 156 (2d
  Cir. 2010) ........................................................................................................................................2

*In re Beacon Assocs. Litig.*,
  818 F. Supp. 2d 697 (S.D.N.Y. 2011) ............................................................................................2

*J. B. Lippincott Co. v. Lasher*,
  430 F. Supp. 993 (S.D.N.Y. 1977) ..................................................................................................5

*Jacobson v. Peat, Marwick, Mitchell & Co.*,
  445 F. Supp. 518 (S.D.N.Y. 1977) ..................................................................................................6

*Menaker v. Kaplan*,
  No. 2:17-CV-5840 (DRH) (AYS), 2019 WL 1783014 (E.D.N.Y. Apr. 23, 2019) ....................2

*Pot Luck, LLC v. Freeman*,
  No. 06cv10195, 2010 WL 908475 (S.D.N.Y. Mar. 8, 2010) ........................................................5

*Shrader v. CSX Transp., Inc.*,
  70 F.3d 255 (2d Cir. 1995) ..............................................................................................................2

*Tsereteli v. Residential Asset Securitization Trust*,
  697 F. Supp. 2d 546 (S.D.N.Y. 2010) ............................................................................................5

*Webb v. City of New York*,
  No. 08-CV-5145 (CBA), 2011 WL 5825690 (E.D.N.Y. Nov. 17, 2011) ....................................2

**Rules**

Federal Rules of Civil Procedure, Rule 60(b) ...............................................................................1, 2

Local Rule 6.3 .......................................................................................................................................1, 2

**Other Authorities**

6 Fed. Prac. & Proc. Civ. § 1487 (3d ed. 2022)...............................................................................3

Defendants The Gernert Company, Inc. ("TGC") and Sarah Burnes ("Burnes," and with TGC, "Defendants") hereby submit this memorandum of law in support of their motion pursuant to Fed. R. Civ. P. 60(b) and Local Rule 6.3 for reconsideration of the Court's order granting Plaintiff's request for leave to file a Second Amended Complaint (ECF No. 56, the "Amendment Order").

## PRELIMINARY STATEMENT

In its January 25, 2023 Opinion and Order granting Defendants' motion to dismiss Plaintiff's First Amended Complaint (ECF No. 46, the "Dismissal Order"), the Court correctly ruled that Plaintiff failed to state a claim because he did not adequately allege either (1) that he suffered damages, or (2) that those damages were caused by Defendants. While the Court gave Plaintiff permission to submit a request for leave to file a Second Amended Complaint explaining how he would cure these pleading defects, Plaintiff's letter (ECF No. 47, the "Letter"), at best, described a range of speculative damages that Plaintiff claimed to have suffered, but wholly failed to identify any purported facts suggesting any of those damages were caused by Defendants. Nevertheless, the Court not only granted Plaintiff's request for leave to file a Second Amended Complaint, but held that the Letter "cured" the defects of the First Amended Complaint (ECF No. 31, "FAC").

Both of these rulings constitute clear error. First, by holding that Plaintiff's new recitations of fact cured the defects of the First Amended Complaint the Amendment Order overlooks the bases for dismissal identified in its Dismissal Order and misconstrues the recitation of the facts in Plaintiff's Letter. Second, the ruling that Plaintiff had *cured* the pleading deficiencies of the First Amended Complaint was premature, because pleading defects can only be corrected by filing an amended pleading, which Plaintiff has not yet done.

Accordingly, Defendants respectfully request that the Court reconsider its Amendment Order and deny Plaintiff's request to file a Second Amended Complaint or, in the alternative, that the Court withhold its decision regarding the legal sufficiency of Plaintiff's Second Amended Complaint until Plaintiff has actually filed a Second Amended Complaint, and Defendants have had the opportunity to evaluate it in its entirety and file a responsive pleading.

## ARGUMENT

Under Fed. R. Civ. P. 60(b) and Local Rule 6.3, motions for reconsideration should be granted where the moving party can show the need to correct a clear error of law or prevent manifest injustice. *In re Beacon Assocs. Litig.*, 818 F. Supp. 2d 697, 701-02 (S.D.N.Y. 2011) (granting motion for reconsideration). In particular, a motion for reconsideration on such grounds will be granted where "the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *In re BDC 56 LLC*, 330 F.3d 111, 123 (2d Cir. 2003), *abrogated on other grounds by In re Zarnel*, 619 F.3d 156 (2d Cir. 2010) (internal quotes omitted). "The major grounds justifying reconsideration are an intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Webb v. City of New York*, No. 08-CV-5145 (CBA), 2011 WL 5825690, at *1 (E.D.N.Y. Nov. 17, 2011) (internal quotes omitted); *see Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). Reconsideration is also appropriate "if a court misinterpreted or misapplied relevant case law in its original decision." *Menaker v. Kaplan*, No. 2:17-CV-5840 (DRH) (AYS), 2019 WL 1783014, at *1 (E.D.N.Y. Apr. 23, 2019).

## I. Plaintiff's Request to Amend Did Not Address the Specific Pleading Deficiencies Identified in the Court's Dismissal Order[1]

The Court should reconsider its prior ruling, because the Letter fails to cure – in fact, it barely addresses – the pleading deficiencies identified in the Dismissal Order, namely that Defendants' alleged breach of their fiduciary duties was the proximate and but for cause of non-speculative damages. "[W]here the plaintiff is unable to demonstrate that he would be able to amend his complaint in a manner which would survive dismissal, opportunity to replead is rightfully denied." *Hayden v. County of Nassau*, 180 F.3d 42, 53 (2d Cir. 1999), *overruled on other grounds by Gonzaga v. Doe*, 536 U.S. 273 (2002); *see also* 6 Fed. Prac. & Proc. Civ. § 1487 (3d ed. 2022) ("[A] proposed amendment that . . . fails to include allegations to cure defects in the original pleading, should be denied."). Here, this Court dismissed Plaintiff's First Amended Complaint, holding that (1) Plaintiff failed to allege any lost proceeds from either Bolonik's book or his planned book; and (2) "*even if there were* [proceeds that Plaintiff did not receive]," the allegations in the First Amended Complaint "do not plausibly show . . . that the loss was caused by Defendants." Dismissal Order at 10. In other words, in order to cure the deficiencies that resulted in dismissal of the First Amended Complaint, Plaintiff was required not only to allege non-speculative proceeds from either Bolonik's or his book, but also to plausibly show that his failure to receive a portion of those proceeds was caused by Defendants' alleged fiduciary breaches. But the Letter fails to remedy these deficiencies.

*First*, the Letter claims that Plaintiff suffered damages in the form of proceeds or advances from Bolonik's book that were not shared with him. Letter at 1-2.[2] But the only support for his

---

[1] Defendants address only Plaintiff's recitation of facts under Sections 1 and 2 of the Letter, as these are the purported facts the Court held sufficient to cure the pleading deficiencies of the First Amended Complaint. *See* Amendment Order at 1.

[2] Even in his Letter, Plaintiff stops short of claiming that Defendants promised him *any* share of a joint book. Like in his First Amended Complaint, where Plaintiff claims to have been "promised half of the proceeds from the sale of the book" without stating *who* did the promising (AC ¶ 56), Hay says in his Letter "Bolonik has already been paid an

contention that Defendants caused this injury is the claim that Defendants "secretly negotiat[ed] a book deal for Bolonik alone," despite leading him to believe that the book would be a joint project. *Id.* at 2. These claims are identical to the deficient allegations Plaintiff made in his First Amended Complaint, which the Court already held "do not plausibly show that [Plaintiff's alleged loss] was caused by Defendants." Dismissal Order at 10; *see* FAC ¶¶ 57-58 (stating Burnes "helped Ms. Bolonik write a proposal for a book based on the article, to be authored solely by Ms. Bolonik," and "did not inform Plaintiff of these actions"); *id.* ¶ 78 (alleging Burnes discouraged Bolonik from including Plaintiff as a co-author). The Letter recites *no facts whatsoever* besides those already pled in the deficient First Amended Complaint supporting that Defendants' actions caused Plaintiff's alleged injuries. It was clearly erroneous for this Court to find that the Letter had "cured" the failure to plead causation without asserting any relevant new facts.

*Second*, Plaintiff claims that he suffered damages in the form of lost proceeds from his own hypothetical book, which he was unable to shop as a result of Bolonik's still-unpublished book on the same subject. Letter at 2. This Court ruled that the First Amended Complaint fell far short of alleging damages based on Plaintiff's failure to secure a book deal, because "[i]t is unknown whether and what Plaintiff would have written, whether a publisher would have accepted it, whether readers would have purchased it and what if any proceeds it would have earned." Dismissal Order at 10. Plaintiff's Letter does not even address, much less correct any of these shortcomings: it does not claim that Plaintiff has even begun work on his book or provide any details regarding the work; far from alleging facts indicating that a publisher would have accepted the book, it tacitly concedes that Plaintiff has not even *attempted* to shop it; and Plaintiff's claim that he would have received proceeds from any book he wrote is based not on facts, but on the

---

advance which should have been shared with him." Letter at 2. But noticeably absent from the Letter is *any suggestion* that Defendants were the but for or proximate cause of those purported damages.

4

speculation of unnamed individuals. *See* Letter at 2; *see also Tsereteli v. Residential Asset Securitization Trust*, 697 F. Supp. 2d 546, 548 n.9 (S.D.N.Y. 2010) ("Conclusory, hypothetical speculation …, even were it in the amended complaint, is not entitled to an assumption of truth on a motion to dismiss.") (citation omitted). Indeed, no amendment could cure Plaintiff's failure adequately to allege damages based on lost proceeds from his unwritten book, as damages of this type – projected revenues from a work that has yet to be written, pursuant to a hypothetical contract with an unknown publisher – are too speculative *as a matter of law* to support a claim, and require pre-answer dismissal. *See, e.g., Pot Luck, LLC v. Freeman*, No. 06cv10195, 2010 WL 908475, at *3 (S.D.N.Y. Mar. 8, 2010) (granting motion to dismiss claim based on lost profits resulting from defendants' alleged failure to license plaintiff's film, because "the contingency and uncertainty of each of these factors [affecting damages calculation]" made calculating damages "with any degree of certainty . . . impossible"); *see also J. B. Lippincott Co. v. Lasher*, 430 F. Supp. 993, 995 (S.D.N.Y. 1977) (claim for lost profits based on failure to publish book was "far too speculative to be ruled upon and it is entirely rejected," because "[i]t is almost impossible to compute what profit would have been made by the publisher if the defendant had, in fact, completed the work and the publisher had properly promoted and published the book").

In short, here again Plaintiff has proffered no facts whatsoever that address the fatal deficiencies that this Court identified in its Dismissal Order, and it was therefore clear error to hold that the Letter cured the failure of the First Amended Complaint to allege Defendants caused Hay non-speculative damages from his purported failure to secure a book deal.

## II. Only a Pleading Can Cure the Defects of the First Amended Complaint

The Court should also reconsider its Amendment Order, because it was clear error for the Court to rule that his Letter moving for leave to file a Second Amended Complaint cured the deficiencies in his First Amended Complaint. A party wishing to cure defects in his pleadings

must file an amended pleading, and may not cure shortcomings by means of allegations made in motion papers. *See, e.g.*, *Jacobson v. Peat, Marwick, Mitchell & Co.*, 445 F. Supp. 518, 526 (S.D.N.Y. 1977) ("[A] party is not entitled to amend his pleading through statements in his brief."). Thus, even where a court is willing to grant a plaintiff leave to amend the complaint in order to plead additional facts contained in motion papers, it may not rule on the sufficiency of those facts, *i.e.*, the amended pleading, until the amended pleading has been filed. *See, e.g.*, *Cornell v. Assicurazioni Generali, S.p.A.*, No. 97cv2262. 2000 WL 1191124, at *1 n.2 (S.D.N.Y. Aug. 22, 2000) (reserving judgment to allow plaintiffs to amend complaint to plead facts raised in memoranda and appendices, explaining that "[a]mending the complaints is necessary because allegations pressed only in memoranda may not be read to amend the pleadings"); *Grosso v. Queens College*, No. 03cv2619, 2004 WL 583767, at *6 (S.D.N.Y. Mar. 23, 2004) (declining to rule on claims made only in memoranda, but granting plaintiff leave to file amended complaint incorporating those claims).

Here, Plaintiff has not submitted a proposed Second Amended Complaint, and Defendants have not had the opportunity to respond fully to the proposed amended pleading. Nevertheless the Court ruled that "the facts alleged in the letter at Dkt. No. 47 . . . ***cure*** the pleading deficiency identified in the Opinion and Order at Dkt. No. 46." Amendment Order at 1 (emphasis added). In doing so, it ruled on the sufficiency of a complaint that has not even been filed, and appears to have prejudged any objection Defendants may subsequently raise as to the sufficiency of the forthcoming Second Amended Complaint. This holding regarding the sufficiency of unpled allegations was plainly premature and constitutes clear error.

## CONCLUSION

For the reasons stated above, Defendants respectfully request that the Court reconsider its Order, and deny Plaintiff's request to file a Second Amended Complaint and dismiss this action

with prejudice. In the alternative, Defendants respectfully request that the Court withhold its decision regarding the legal sufficiency of Plaintiff's additional factual recitation until Plaintiff has filed a Second Amended Complaint.

Dated: March 16, 2023

Respectfully submitted,

By: _/s/ Jeremy A. Chase_
    Katherine M. Bolger
    Jeremy A. Chase
    Carl Mazurek

DAVIS WRIGHT TREMAINE LLP
1251 Avenue of the Americas, 21st Floor
New York, NY 10020-1104
Phone: (212) 489-8230
Fax:    (212) 489-8340
Email: katebolger@dwt.com
         jeremychase@dwt.com
         carlmazurek@dwt.com

*Attorneys for Defendants The Gernert Company, Inc. and Sarah Burnes*