UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
                                                      :
BRUCE HAY,                                          :
                                Plaintiff,    :
                                                      :          22 Civ. 698 (LGS)
                -against-                   :
                                                      :               **ORDER**
THE GERNERT COMPANY, INC., et al.,    :
                          Defendants.    :
                                                      :
-------------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

WHEREAS, on January 25, 2023, Defendants' motion to dismiss the Amended Complaint was granted (the "Opinion").

WHEREAS, the Opinion stated that "should Plaintiff wish to seek leave to replead consistent with this opinion, he may file a letter, not to exceed three pages, requesting to file an amended complaint" and explaining how the proposed amended complaint would cure the deficiencies identified in the Opinion.

WHEREAS, on February 8, 2023, Plaintiff filed such request (the "Letter"). On February 15, 2023, Defendants filed a letter in opposition. On February 18, 2023, Plaintiff sought leave to file a reply.

WHEREAS, on March 2, 2023, Plaintiff's request for leave to file a second amended complaint was granted (the "Order"). The Court determined that the "facts alleged in the letter at Dkt. No. 47 -- specifically, under sections one and two -- cure the pleading deficiency identified in the Opinion," and did not find that the request was made in bad faith. Plaintiff's request to file a reply was denied as moot.

WHEREAS, on March 16, 2023, Defendants moved for reconsideration of the Court's Order granting leave to file a second amended complaint, asserting that the Letter did not address

the specific pleading deficiencies identified in the Opinion. Defendants request, in the alternative, that the Court withhold its decision regarding the legal sufficiency of the second amended complaint until Plaintiff has filed such complaint and Defendants have filed a responsive pleading.

WHEREAS, a motion for reconsideration should be granted "only when the [party seeking reconsideration] identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Cho v. Blackberry Ltd.*, 991 F.3d 155, 170 (2d Cir. 2021) (internal quotation marks omitted). The standard "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked -- matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Id.* (internal quotation marks omitted). A motion for reconsideration is not "a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Analytical Survs., Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (internal quotation marks omitted); *accord Dill v. JPMorgan Chase Bank, N.A.*, No. 19 Civ. 10947, 2021 WL 3406192, at *11 (S.D.N.Y. Aug. 4, 2021). The decision to grant or deny a motion for reconsideration rests within "the sound discretion of the district court." *Aczel v. Labonia*, 584 F.3d 52, 61 (2d Cir. 2009) (internal quotation marks omitted); *accord Strougo v. Barclays PLC*, 334 F. Supp. 3d 591, 595 (S.D.N.Y. 2018).

WHEREAS, as to the decision to grant leave to file a second amended complaint, the motion does not identify "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Cho*, 991 F.3d at 170. Defendants, in substance, restate their position from the February 15, 2023, letter in opposition to Plaintiff's motion to replead. Defendants argue that the Letter fails to allege "non-

speculative proceeds from either Bolonik's or [Plaintiff's] book" or that Plaintiff's "failure to receive a portion of those proceeds was caused by Defendants' alleged fiduciary breaches." These arguments were considered and rejected. The motion for reconsideration is denied on that basis alone.

WHEREAS, Defendants' arguments also fail on the merits. For example, the Letter's statement that "Bolonik has already been paid an advance which should have been shared with" Plaintiff states a quantifiable loss. And that Defendant Burnes discouraged Bolonik from including Plaintiff as a co-author and secretly negotiated a book deal for Bolonik alone suggests causation to such loss. The Court's prior determination to the contrary is not dispositive in light of facts alleged in the Letter.

WHEREAS, as to the remainder of the motion, the Court clarifies that the Order granting leave to replead intended to state that the facts alleged in the Letter, *if repleaded in an amended complaint*, would cure the pleading deficiency identified in the prior decision. It is hereby

**ORDERED** that Defendants' motion for reconsideration is DENIED. It is further

**ORDERED** that Defendants shall send a copy of this order to Plaintiff as he currently is not represented by counsel.

The Clerk of Court is respectfully directed to close the motion at Dkt. No. 59.

Dated: April 24, 2023
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

3