

21st Floor
1251 Avenue of the Americas
New York, NY  10020-1104

**Jeremy Chase**
212-489-8230 tel
212-489-8340 fax

jeremychase@dwt.com

February 13, 2024

**VIA ECF**
Honorable Lorna G. Schofield
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

    Re:    *Bruce Hay v. The Gernert Company, Inc., et al.*, No. 1:22-cv-00698-LGS
           Joint Letter to Court regarding the Court's February 7, 2024 Order

Dear Judge Schofield:

    This firm is counsel for Defendants The Gernert Company, Inc. ("TGC") and Sarah Burnes ("Burnes") (together "Defendants") in the above-referenced action, and we write jointly with Plaintiff *pro se* Bruce Hay ("Plaintiff") in response to the Court's February 7, 2024 Order (Doc. 92) directing the parties to submit a joint status letter that includes the information required by the Court's Individual Rules and proposes next steps.  We address each element of the Court's Order in turn.

### I.    JOINT STATUS REPORT TO THE COURT

    Pursuant to the Court's Order of February 7, 2024 (Doc. 92), and the Court's Individual Rules III.D.3., the parties state as follows:

    *(a)(1) What discovery requests have been propounded, who propounded each request and on what date:*

    Plaintiff propounded Interrogatories and Requests for Production on June 13, 2022, and served a subpoena duces tecum on Kera Bolonik on June 17, 2022.  Plaintiff has also previously represented in the parties' August 16, 2022 status report to the Court (Doc. 44) to have served subpoenas directed to HarperCollins and New York Media LLC, however, Defendants have no knowledge of the contents of or response to any such subpoena.

    Defendants propounded Interrogatories and Requests for Production on June 17, 2022.

    *(2) What responses were made, who made each response and on what date:*
    *(3) The volume of documents produced, who produced the documents and when:*

    No responses to any discovery requests have been made, as the Court entered a discovery stay on July 7, 2022, no new discovery deadlines were set by the Court, and the parties have been engaged in court-ordered and informal settlement discussions since June 2023.

*(b) The procedural history of the case to date:*

Plaintiff filed his Complaint on January 26, 2022, alleging that Defendants breached a fiduciary duty purportedly owed Hay when they assisted their client, Kera Bolonik, in securing a book deal based on two articles written by Bolonik and published in *New York Magazine* in July and August 2019 (the "Articles"). On June 3, 2022, Plaintiff filed an Amended Complaint (Doc. 31).

On June 17, 2022 Defendants filed a motion to dismiss the Amended Complaint pursuant to Rule 12(b)(6) (Docs. 32-34), and filed a separate letter motion to stay discovery (Doc. 36). On July 7, 2022, the Court granted Defendants' request to stay discovery pending the resolution of the motion to dismiss. Doc. 45. On January 25, 2023, the Court granted Defendants' motion to dismiss on the ground that the Amended Complaint failed to allege facts that plausibly showed damages caused by Defendants' alleged breach of fiduciary duty. Doc. 46. The Court, nevertheless gave Plaintiff until February 8, 2023 to seek leave to replead.[1] On March 2, 2023, the Court granted Plaintiff leave to file a Second Amended Complaint (Doc. 56).

On May 26, 2023, Plaintiff filed his Second Amended Complaint (Doc. 68). On May 30, 2023, the Court issued an order referring the case to Magistrate Judge Sarah Cave for a settlement conference (Doc. 69).[2] Before Defendants' had an opportunity to answer, on June 23, 2023, Plaintiff sought leave to file a Third Amended Complaint to add Kera Bolonik as a defendant and to state a breach of contract claim against her (Doc. 76). On July 21, 2023, the Court denied Plaintiff's request to amend his complaint for a third time, and ordered Defendants to answer the Second Amended Complaint by August 8, 2023 (Doc. 85).

On August 8, 2023, Defendants filed their answer to the Second Amended Complaint raising a number of defenses, including that the Court lacks subject matter jurisdiction over the action (Doc. 86).

On December 12, 2023, the Parties appeared for a settlement conference before Judge Cave, but were unable to reach a settlement.

*(c) The parties' plans to ensure that they meet the Court ordered discovery deadlines.*

At present there is no scheduling order in place or Court Ordered discovery deadlines.

## II. PROPOSED NEXT STEPS FOR THIS LITIGATION

Since the December 12, 2023 settlement conference before Judge Cave, the parties have continued to engage in informal settlement discussions. Though there remains a gap to bridge,

---

[1] After filing a letter seeking such leave, Plaintiff's counsel filed a motion to withdraw as counsel to Mr. Hay (Doc. 50), which the Court granted on March 13, 2023 (Doc. 58).

[2] The Settlement Conference was adjourned on multiple occasions for a variety of reasons as reflected on the docket. *See* Docs. 72, 73, 75, 83, 84, 87, 88, 89, 91.

the parties have made progress to that end. In light of that, the parties respectfully request that the Court afford the parties one additional month (*i.e.*, until March 13, 2024) to reach a settlement, and on that date, the parties would submit a letter to the Court updating it on its progress. Should the parties be unable to reach a settlement by that time, we would ask that the Court then enter a discovery schedule and case management plan.

However, in light of Your Honor's request that the parties "propose next steps to move the action forward," Defendants understand that the Court would like a more fulsome plan than just a status update in one month. The parties, however, have differing views on the nature of that plan. We set forth each party's position on the matter below:

### A. Defendants' Request to Bifurcate Discovery

In light of facts learned over the last eight months calling this Court's subject matter jurisdiction into question, Defendants request that the Court bifurcate discovery so that the parties may first engage in discovery on the threshold question of whether subject matter jurisdiction exists, and then, following motion practice on that issue, if necessary, proceed to discovery on the merits of this action.

Plaintiff has alleged in each of his three complaints in this action that the sole basis for this Court's jurisdiction is diversity of citizenship, because Defendants are based in New York, and he purports to be a citizen of Massachusetts. Facts learned over the last eight months, however, strongly suggest that Plaintiff abandoned his Massachusetts domicile prior to filing this lawsuit with the intention of establishing a new domicile in France, meaning that complete diversity did not exist between the parties at the time of filing suit.[3]

As a "creature[ ] of limited jurisdiction," *Marcella v. Capital Dist. Physicians' Health Plan, Inc.*, 293 F.3d 42, 46 (2d Cir. 2002), this court is "duty bound to ascertain that it ha[s] jurisdiction" before it can adjudicate substantive motions. *Gutierrez v. Fox*, 141 F.3d 425, 426, 428 (2d Cir. 1998). *See also* Fed. R. Civ. P. 12(h)(3). United States citizens domiciled abroad "are neither citizens of any state of the United States nor citizens or subjects of a foreign state, so that § 1332(a) does not provide that the courts have jurisdiction over a suit to which such persons

---

[3] Defendants are also confident that Mr. Hay's claim does not meet the amount in controversy requirement under the diversity jurisdiction statute. 28 U.S.C. § 1332(a) (requiring "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs"). Mr. Hay alleges only two categories of damages: (1) his purported entitlement to half of Bolonik's book advance, and (2) lost earnings due to his failure to secure a book deal for a competing book. As of the filing of this lawsuit, and to this date, Bolonik has been paid, and absent the occurrence of certain events, is owed, an amount less than the $75,000 minimum amount in controversy, and Hay claims entitlement to only half of her advance in either case. SAC ¶ 74; *see Hall v. EarthLink Network, Inc.*, 396 F.3d 500, 506 (2d Cir. 2005) ("[F]or purposes of diversity jurisdiction, the amount in controversy is established as of the date of the complaint and is not reevaluated based on post-filing events."); *Conzo v. SMA Life Assur. Co.*, 2003 WL 21018823, at *2 (S.D.N.Y. May 6, 2003) (same). Hay's other alleged damages, *i.e.*, his failure to secure a book deal, are far too speculative and imprecise, and must be disregarded for amount in controversy purposes. *See*, *e.g.*, *Bernshteyn v. Feldman*, 2006 WL 2516514, at *4 (S.D.N.Y. Aug. 29, 2006) ("remote, contingent or speculative" damages excluded from amount in controversy calculus). Indeed, Hay never wrote or pitched a book to anyone, it is unknown what Hay would have written, whether a publisher would have accepted it, whether readers would have purchased it, and what proceeds he would have earned.

Judge Lorna G. Schofield
February 13, 2024
Page 4

are parties." *Techno-TM, LLC v. Fireaway, Inc.*, 928 F. Supp. 2d 694, 697 (S.D.N.Y. 2013) (quoting *Herrick Co. v. SCS Commc'ns, Inc.*, 251 F.3d 315, 322 (2d Cir. 2001)). An individual's domicile is determined as of the date the complaint is filed, *LeBlanc v. Cleveland*, 248 F.3d 95, 100 (2d Cir. 2001), and "a party's residence at [the time the case is filed] is prima facie evidence of his domicile." *Herzberg v. MegaSpirea Prods. SAS*, 2009 WL 702234, at *3 (S.D.N.Y. Mar. 10, 2009). Courts consider a variety of factors to determine if an individual has the requisite intent to establish a new domicile, including employment, current residence, location of real and personal property, location of family, location of physicians, and any other relevant factors. *Techno-TM*, 928 F. Supp. 2d at 697.

While Defendants do not contest that Mr. Hay was *at one time* a Massachusetts citizen, they have strong reason to believe he abandoned his Massachusetts domicile and established a new domicile in France prior to filing this action. This belief is grounded in the following facts:

- Court records show that Mr. Hay has lived in France since March 2020, nearly two years before he filed this action. *Zacks v. Hay*, No. 20W1129 & 1131 (Mass. Family Ct.), Affidavit of Plaintiff dated March 14, 2022 ("Zacks Aff.") ¶¶ 3-6.

- Mr. Hay has not owned or rented any property in Massachusetts for a period well before his March 2020 departure. While he once co-owned a residence in Cambridge with his ex-wife, in December 2016, Mr. Hay transferred his interest in that home to his ex-wife via quitclaim deed. *See Shuman v. New York Magazine*, No. 2021-02653 (N.Y. App. Div. 1st Dep't), Record on Appeal, at 443. He continued to live at that residence until his March 2020 departure. *Id.* at 364

- Hay admits that he has been using the Massachusetts-based address of his former lawyer as his address for the purposes of prosecuting this litigation from the start, and has still failed to provide an actual address where he currently resides (*see* Docs. 64, 66-67).

- In an earlier lawsuit against *New York Magazine* filed on August 5, 2020 after he left for France, Mr. Hay used the address of the Dean of Harvard Law School, his then-employer. *See Hay v. New York Media LLC*, No. 20-cv-6135 (S.D.N.Y.), Doc. 1, at 49. This is further evidence that Mr. Hay did not maintain a Massachusetts-based residence long before his filing of this action.

- Mr. Hay has no job in Massachusetts, having resigned from his position at Harvard Law School before filing this case. *See* Doc. 1, ¶ 15 ("Plaintiff Bruce Hay *was* a professor at Harvard Law School . . ." (emphasis added)).

- Mr. Hay had previously lived in France from January 2016 – June 2016 while on sabbatical from Harvard Law School. *Shuman* Record on Appeal, at 381.

- Mr. Hay is undergoing cancer treatments and his treating physician is located in the European Union.

- Mr. Hay has no family ties in Massachusetts as he has been divorced from his wife for many years. On information and belief, Hay has not returned to Massachusetts to visit

- his minor children or otherwise since his March 2020 departure. Zacks Aff. ¶ 1.

- In December 2021, Mr. Hay stopped paying child support, Zacks Aff. ¶ 11, and lost all custody and visitation rights with his minor children per a judgment in Massachusetts Family Court. *Zacks v. Hay*, Oct. 23, 2023 Modification Judgment.

- Court records show that a bench warrant for Mr. Hay's arrest was issued in Massachusetts on account of his being held in contempt for failure to pay child support. *See Zacks v. Hay*, Dec. 9, 2022 Docket Entry (noting that "Capias issued" after Mr. Hay twice failed to appear at contempt hearing)

Defendants contend that these facts alone, based on publicly available documents, would be sufficient to establish that Mr. Hay abandoned his domicile in Massachusetts prior to filing this action with the intention of establishing a new domicile in France.[4] However, Defendants have reason to believe that further evidence exists to bolster this conclusion.

As this Court is "duty bound to ascertain that it ha[s] jurisdiction," Defendants respectfully request that the Court hold a conference with the parties to address this issue of paramount importance, and thereafter enter a scheduling order that bifurcates discovery. This would enable Defendants to discover further facts going to this threshold question without expending significant resources conducting full-fledged and open-ended discovery on the merits, and to move at the appropriate time on this narrow question without forfeiting the right to move for summary judgment on the merits should it prove necessary. Defendants would propose the following schedule (which is drawn from and modifies the relevant provisions from Your Honor's standard Civil Case Management Plan and Scheduling Order):

8. [Jurisdictional] Discovery

    a. All jurisdictional discovery shall be completed no later than <u>July 11, 2024</u>.

. . .

13. Status Letters and Conferences

    a. By <u>May 13, 2024</u> [*60 days after the commencement of jurisdictional discovery*], the parties shall submit a joint status letter, as outlined in Individual Rule III.D.3.

    b. By <u>July 25, 2024</u> [*14 days after the close of jurisdictional discovery*], the parties shall submit a joint status letter, as outlined in Individual Rule III.D.3.

---

[4] Mr. Hay offers no substantive rejoinder to these facts – nor could he – other than to say without any specifics that they are "demonstrably false" and "misrepresentations." *See infra*. However, Defendants are happy to provide the Court with the supporting documentation gleaned from public records upon request. And while Mr. Hay may well respond that he intends to return to Massachusetts at some point in the future, the law is clear that self-serving statements of a "floating intention ... to return to a former domicile at some undetermined future time will not defeat the acquisition of a new domicile for diversity purposes." *Blumatte v. Quinn*, 521 F. Supp. 2d 308, 312 (S.D.N.Y. 2007) (citing *Farrell v. Ashton*, 1991 WL 29261 at *6 (S.D.N.Y. 1991); *Herzberg v. MegaSpirea Prods. SAS*, 2009 WL 702234, at *3 (S.D.N.Y. Mar. 10, 2009)).

      c. On _____ at _____A.M. [*usually 14 days after the close of jurisdictional discovery*], a pre-motion conference will be held for any anticipated dispositive jurisdictional motions, provided:

          i. A party wishing to file a summary judgment or other dispositive motion on a jurisdictional issue shall file a pre-motion letter **at least two weeks before the** conference and in the form provided in the Court's Individual Rule III.A.1. Any party wishing to oppose shall file a responsive letter as provided in the same Individual Rule. The motion will be discussed at the conference. To join the conference, the parties shall call (888) 363-4749 and use Access Code 558-3333. The time of the conference is approximate, but the parties shall be ready to proceed at that time.

          ii. **If no pre-motion letter is timely filed, this conference will be canceled, the parties shall hold a meet and confer, and shall submit a joint letter and proposed Civil Case Management Plan and Scheduling Order for fact discovery within 14 days after the deadline to submit a pre-motion letter has passed.**

### B. Plaintiff's Request to Proceed With All Discovery Together

Plaintiff opposes Defendants' proposed bifurcated discovery schedule, and would request, instead, that should the Court enter a scheduling order at this time, it provide for all discovery to occur at the same time. Plaintiff respectfully requests that the Court deny any further attempts by Defendants to delay the vital discovery needed to shed light on this matter. Plaintiff categorically rejects the demonstrably false claims in this letter made by Defendants regarding his status as a Massachusetts citizen and requests an opportunity to fully respond to the Defendants' misrepresentations in their request for bifurcated discovery by March 13 should a settlement not be reached by then. At this stage, Plaintiff chooses to invest his full effort into reaching a settlement with the Defendants' and not consume more of the Court's valuable time over a disagreement that will hopefully be moot should such a settlement be reached. Plaintiff will however take this opportunity to express his dismay at the Defendants' continued attempts to deploy delay tactics on discovery that is essential to exposing the full facts on this matter.

                        Respectfully submitted,

                        */s/ Jeremy Chase*

                        Jeremy Chase

cc:    Bruce Hay *pro se* (via ECF and email)